# EXHIBIT 25

# ARNOLD & PORTER LLP

Maggie Maurone
Maggie.Maurone@aporter.com

+1 212.715.1317
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

August 4, 2016

**VIA FEDERAL EXPRESS**

Ken Sutak, Esq.
Franklin, Gringer & Cohen, P.C.
150 East 58th Street, 27th Floor
New York, NY 10155

> Re: *Rao v. Wyckoff Heights Medical Center, Inc. and Ramon Rodriguez,*
> *Index No. 14-civ-1936-NGG-SLT*

Dear Mr. Sutak,

Enclosed is a production of documents in response to Plaintiff's Second and Eighth Requests to Produce Documents. These documents bear the Bates numbers WYCKOFF-RF-00001296 - WYCKOFF-RF-00001438. These documents are on an encrypted CD. The password is the same as for the most recent production.

In follow-up to your e-mail of June 20, 2016 regarding Plaintiff's Second Request to Produce Documents, this production contains additional materials that were located based on the information provided. Additionally, Wyckoff states that previously produced documents Bates numbered WYCKOFF-RF-00000558 - WYCKOFF-RF-00001173 are responsive to this request.

If we have included any privileged or protected material in our production, that disclosure was inadvertent and is not a waiver of any claim of privilege or protection.

Sincerely,

*Maggie Maurone*

Maggie Maurone

Encl.

cc:     Susan L. Shin, Esq.
        Brendan Marx, Esq.

# FRANKLIN, GRINGER & COHEN, P.C.

GLENN J. FRANKLIN
MARTIN GRINGER
STEVEN ELLIOT COHEN
JOSHUA A. MARCUS*
MICHAEL S. MOSSCROP
A EDWARD MAJOR†

BRIAN G. KLEIN*
JASMINE Y. PATEL*
*ADMITTED IN NY AND NJ
†ADMITTED IN NY, NJ, FL, ENGLAND AND WALES

ATTORNEYS AT LAW

666 OLD COUNTRY ROAD, SUITE 202
GARDEN CITY, NEW YORK 11530-2013
TELEPHONE (516) 228-3131 • FAX (516) 228-3136
NEW YORK CITY TELEPHONE (212) 725-3131 • FAX (212) 725-3268

KEN SUTAK
OF COUNSEL

NEW YORK CITY OFFICE
150 EAST 58TH ST., 27TH FL.
NEW YORK, NY 10155
DIRECT ALL CORRESPONDENCE
TO GARDEN CITY OFFICE

BY FEDERAL EXPRESS

August 26, 2016

Maggie Maurone, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022-4690

Re: Dr. Addagada C. Rao v. Wyckoff Heights Medical Center, Inc., and Ramon
Rodriguez, E.D.N.Y. Index. No. 1:14-cv-01936-JG-VVP

Dear Ms. Maurone:

The document production (on encrypted CD) that accompanied your cover letter
of August 4, 2016 concerning (in material part) further rolling production in response to
Plaintiff's Second Request to Produce Documents contains the year-end "Performance
Appraisal (or Review)/Competency Assessment" forms pertaining to Dr. Rao for the
years ending December 1999 through December 2007 (all signed by Dr. Mattoo), but not
the same-titled year-end forms for the years ending December 2008 through December
2011.

Re your cover letter referring to previously Wyckoff-produced Bates numbered
documents RF-00000558 through RF 00001173, which I have re-checked, they do not
include the missing same-titled year-end forms pertaining to Dr. Rao for the years ending
December 2008 through December 2011, either. (They do however include previously
produced copies of the forms for the years ending December 2002 through December
2004, only.)

As noted, the forms that have been produced to date, from years ending December
1999 through December 2007, were signed by Dr. Mattoo. Possibly, the reason that the
forms for the years ending December 2008 through December 2011 have not been
located and produced is that, according to Dr. Rao, they were signed by Dr. Mattoo's
various successors, i.e., Dr. Bhuhan Khasu, then Robert Raggi, then Dr. Tchelebi, and

FRANKLIN, GRINGER & COHEN, P.C.
ATTORNEYS AT LAW

may be kept in a different location than the forms signed by Dr. Mattoo. Dr. Rao advises that the location where the year-end evaluations for departmental chairman were kept during the relevant period was the V. P. Medical Affairs Office—not the Credentials Office, where year-end evaluations of other physicians were kept.

Before I conclude that the missing year-end evaluation forms pertaining to Dr. Rao for the years ending December 2008 through December 2011 have disappeared at Wyckoff, warranting adverse inferences at trial, I wish to suggest that you have your client conduct one more search, employing the above information for whatever it may be worth, this time focusing on the four specified missing year-end evaluation forms pertaining to Dr. Rao, apparently all signed by a seriatim successor to Dr. Mattoo.

Meanwhile, Dr. Rao has come across and is producing herewith a "FYI" email he sent to Hy Hochberg on January 28, 2012, forwarding to him the email letter that he (Dr. Rao) sent to Frank Chiarello on January 27, 2012, which then became the centerpiece of Frank Chiarello's email circular to the other Board members and some administrative personnel on January 29, 2012. Both of the latter have been produced by both sides; not sure about the former "FYI" email, so it is enclosed herewith.

Also enclosed is an updated Amended Initial Disclosures statement by plaintiff, adding Frank Chiarello to his material witness list at trial, in the wake of the Rodriguez EBT testimony, but otherwise identical to the version sent July 29, 2016 except for the date.

Very truly yours,

FRANKLIN, GRINGER & COHEN, P.C.

By: Ken Sutak, Esq.

Cc:

Brendan Marx, Esq.
Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, New York 10016

# ARNOLD & PORTER LLP

**Maggie Maurone**
Maggie.Maurone@aporter.com

+1 212.715.1317
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

August 31, 2016

**VIA FEDERAL EXPRESS**

Ken Sutak, Esq.
Franklin, Gringer & Cohen, P.C.
150 East 58th Street, 27th Floor
New York, New York  10155

> Re:   *Rao v. Wyckoff Heights Medical Center, Inc. and Ramon Rodriguez,*
> *Index No. 14-civ-1936-NGG-ST*

Dear Mr. Sutak:

In response to your letter dated August 26, 2016, Wyckoff's August 4, 2016 letter did include the 2011 Professional Reappointment Evaluation Form for Dr. Rao. *See* WYCKOFF-RF-00001436-00001438. Regarding evaluations for 2008 through 2010, it is our understanding that, at least for this time period, these evaluations only occurred every other year. Thus, the only evaluation that has not been produced is the evaluation for 2009. Wyckoff has conducted a thorough search, including based on Dr. Rao's statement that these evaluations were kept in the V.P. Medical Affairs Office, which is the office of the Chief Medical Officer. Wyckoff has produced all evaluations for Dr. Rao that were located.

Regarding Plaintiff's Amended Initial Disclosures dated August 26, 2016, all amended disclosures were due by August 1, 2016. To the extent Plaintiff is allowed to further amend his disclosures to add Frank Chiarello as a witness, please see the attached Notice of Subpoena and copy of a subpoena we intend to serve as soon as possible.

Next, regarding Plaintiff's call for production of all correspondence between Ramon Rodriguez and Dr. Akella Chendrasekhar during the deposition of Ramon Rodriguez, Wyckoff objects to this request to the extent that it is overbroad. Wyckoff has previously produced correspondence between Mr. Rodriguez and Dr. Chendrasekhar concerning Plaintiff, as outlined in Wyckoff's September 29, 2014 letter in response to Plaintiff's First Request for Production. To the extent that one of those e-mails was cut-off, without a complete version elsewhere in the production, Wyckoff has searched for and will produce a complete version of that document.

# ARNOLD & PORTER LLP

August 31, 2016
Page 2

In response to your letter received this evening dated August 31, 2016, it is our understanding that there are no paper time cards or physical time sheets and that all time records are electronic, as have already been produced. If there is some other type of document which Plaintiff is referring to, Plaintiff will need to provide additional information regarding the documents he is seeking. Further, with respect to the first item in Plaintiff's Twelfth Request to Produce, the "Duty to Report" section of the Administrative Policy and Procedure Manual referenced in the Request was not in effect in January 2012, and it is our understanding that it was never put into effect.

Finally, enclosed is a production of documents bearing the bates numbers WYCKOFF-RF-00001698 - WYCKOFF-RF-00002635. In addition to the e-mail document referred to above, this production contains documents which Wyckoff may rely upon at trial. If we have included any privileged or protected material in our production, that disclosure was inadvertent and is not a waiver of any claim of privilege or protection. Wyckoff is also in receipt of Plaintiff's Thirteenth Request to Produce Documents dated August 26, 2016. Wyckoff will conduct a search and produce documents responsive to that Request, if any, within a reasonable time.

Sincerely,

*Maggie Maurone*

Maggie Maurone

Encls.

Cc:    Brendan K. Marx, Esq.
       Susan L. Shin, Esq.

# FRANKLIN, GRINGER & COHEN, P.C.

ATTORNEYS AT LAW

GLENN J. FRANKLIN
MARTIN GRINGER
STEVEN ELLIOT COHEN
JOSHUA A. MARCUS*
MICHAEL S. MOSSCROP
A EDWARD MAJOR†

BRIAN G. KLEIN*
JASMINE Y. PATEL*
*ADMITTED IN NY AND NJ
†ADMITTED IN NY, NJ, FL, ENGLAND AND WALES

666 OLD COUNTRY ROAD, SUITE 202
GARDEN CITY, NEW YORK 11530-2013
TELEPHONE (516) 228-3131 • FAX (516) 228-3136
NEW YORK CITY TELEPHONE (212) 725-3131 • FAX (212) 725-3268

KEN SUTAK
OF COUNSEL

NEW YORK CITY OFFICE
150 EAST 58TH ST., 27TH FL.
NEW YORK, NY 10155
DIRECT ALL CORRESPONDENCE
TO GARDEN CITY OFFICE

September 9, 2016

Maggie Maurone, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022-4690

Re: Dr. Addagada C. Rao v. Wyckoff Heights Medical Center, Inc., and Ramon
Rodriguez, E.D.N.Y. Index. No. 1:14-cv-01936-JG-VVP

Dear Ms. Maurone:

In view of the statements about the "Duty to Report" section of the WHMC
Administrative Policy and Procedural Manual in the penultimate paragraph of your
August 31 cover letter, and the responses to Plaintiff's Second Notice to Amit received·
beforehand (and the anticipated responses to Plaintiff's Third Notice to Admit not
received yet, but effectively answered in the August 31 cover letter), I enclose
independent copies of the three documents that are annexed to Plaintiff's Tenth Request
to Produce and to Plaintiff's Second and Third Notices to Admit (i.e., the undated
"WHMC Compliance Policies Developed to Date," the undated "WHMC Administrative
Policy and Procedural Manual—Category: Corporate Compliance; Subject: Duty to
Report; Originator: Karen Carey, Compliance Officer," and the undated "WHMC Code
of Conduct."

In the absence of admissions as requested, plaintiff will be using these documents
at trial to establish that they were supplied to the departmental chairmen during the
relevant period, as supervisors, and moreover that the "Duty to Report" in both its code
and manual formulations were implemented de facto if not de jure during the relevant
period by one or more of the departmental chairmen/supervisors. Therefore, plaintiff is
formally producing these documents as additional disclosures, with considerable surprise
that Wyckoff apparently intends to maintain at trial that they were never "put into effect."

Regarding Wyckoff's failure to produce the year-end Rao performance
assessments and appraisals for the years 2008 through 2011 (as opposed to mid-year [i.e.,
May] professional reappointment evaluation forms, which are different), plaintiff will
prove that they existed and what their contents stated by other means at trial. In this
connection, please note that even if year-end assessments only occurred every other year

FRANKLIN, GRINGER & COHEN, P.C.
ATTORNEYS AT LAW

after 2007, not only is the one signed by Dr. Kashu or Dr. Raggi in December 2009 missing, but so is the one signed by Dr. Tchelebi in December 2011.

Similarly, regarding Wyckoff's explanation for the failure to produce paper time sheets (cards) recording the physical presence (or not) in the hospital of departmental chairmen Rao and Tchelebi on December 30, 2011, plaintiff will prove that they were customarily created and kept in the departments by other means.

The encrypted CD that your August 31 cover letter accompanied does contain the complete version of the cut-off email between Mr. Rodriguez and Dr. Chendrasekhar that was requested on the record of the EBT-in-progress of Mr. Rodriguez. I will have him identify it when the EBT-in-progress reconvenes.

Thank you for the rapid responses to the plaintiff's communications dated August 26 referred to in your August 31 cover letter.

Very truly yours,

FRANKLIN, GRINGER & COHEN, P.C.

By: Ken Sutak, Esq.

Cc:

Brendan Marx, Esq.
Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, New York 10016