UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

DR. ADDAGADA C. RAO,

                Plaintiff,

-against-

RAMON RODRIGUEZ and WYCKOFF HEIGHTS
MEDICAL CENTER, INC,

                Defendants.
----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-1936 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

In this action, Plaintiff Dr. Addagada C. Rao asserts that Defendants Ramon Rodriguez and Wyckoff Heights Medical Center, Inc. ("Wyckoff"), discriminated against him on the basis of race, national origin, and age in violation of federal, state, and municipal law. (See Compl. (Dkt. 1).) The court assumes the parties' familiarity with the factual and procedural background of this action. Plaintiff has submitted an application (the "Application") to introduce prior deposition testimony of non-party Dr. Frank Lepore (the "Lepore Deposition") on the basis that he is unavailable to testify. (See Apr. 25, 2017, Min. Entry; see also Sutak Aff. in Supp. of Appl. ("Sutak Aff.") (Dkt. 124).) For the reasons set forth below, the Application is GRANTED. The court RESERVES RULING on Defendants' proffered objections as to probative value and potential prejudice.

**I.    PLAINTIFF'S APPLICATION**

The Lepore Deposition was taken under subpoena in a separate action, Dr. John C. Riggs v. Wyckoff Heights Medical Center, Inc., Ramon Rodriguez, and Gary Goffner, Sup. Ct. Kings County Index No. 9229-2013 (Vaughan, J.) (the "Riggs Action"). (Sutak Aff. ¶ 1.) Plaintiffs seek to use the Lepore Deposition as evidence of (1) Lepore's personal knowledge of a letter sent

1

by Riggs to the Wyckoff Board of Trustees about Rodriguez's conduct as Wyckoff's CEO (the "Riggs Letter"); and (2) Lepore's personal knowledge of Rodriguez's alleged comments about an "Indian Mafia" and "House of Arya" among Wyckoff's medical staff (the "Rodriguez Comments"). (Id. ¶ 8.)

Plaintiff submits that Lepore "presently resides or maintains an office" in Florida (id. ¶ 4), and that Lepore has not consented to testify despite several requests by Plaintiff and the issuance of a subpoena (id. ¶¶ 4-5). Defendants argue that the Lepore Deposition is not admissible under either Federal Rule of Civil Procedure ("FRCP") 32 or Federal Rule of Evidence ("FRE") 804, and further, that the Lepore Deposition should be precluded under FRE 403. (Defs. Resp. to Appl. ("Defs. Resp.") (Dkt. 129).)

## II. DISCUSSION

The court finds that the Lepore Deposition is not admissible under FRCP 32, but is admissible under FRE 804. The court reserves ruling on Defendants' objection under FRE 403.

### A. Federal Rule of Civil Procedure 32

1. Legal Standard

FRCP 32(a)(8) governs depositions "taken in an earlier action":

> A deposition lawfully taken . . . in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Fed. R. Civ. P. 32(a)(8); see also id. r. 32(a)(1) (permitting the use of a deposition at trial when "the use is allowed by Rule 32(a)(2) through (8)").

2

2. <u>Analysis</u>

The court agrees with Defendants that the Lepore Deposition is not admissible "as if taken in the [present] action" because the <u>Riggs</u> Action does not involve "the same subject matter <u>between the same parties</u>." <u>Id.</u> r. 32(a)(8) (emphasis added). (<u>See also</u> Defs. Resp. at 1.) Plaintiff is not a party to the <u>Riggs</u> Action, nor is Riggs a party to this action.

Plaintiff has not offered an argument under FRCP 32(a)(8), instead proposing that the Lepore Deposition be permitted under FRCP 32(a)(4), which provides for the use of depositions by an "unavailable witness." It is clear from the structure of FRCP 32(a), however, that subsection (a)(4) is limited to depositions that are taken in connection with, then used in, the <u>same</u> proceeding. Depositions taken in <u>separate</u> proceedings are governed by FRCP 32(a)(8)'s comprehensive bifurcated analysis: either a deposition receives special treatment because it was taken in a separate action with parity of subject matter and of parties, or the deposition is analyzed under the FRE like any other piece of evidence. Plaintiff offers no persuasive authority for his premise that a deposition from a separate proceeding may be analyzed under FRCP 32(a)(4). That premise is clearly erroneous, as it would produce an irreconcilable conflict between the requirements for the use of a deposition by an unavailable witness under FRCP 32(a)(4) (which properly governs depositions <u>taken in the same action</u>) and the use of former testimony by an unavailable declarant under FRE 804 (made applicable to the Lepore Deposition through FRCP 32(a)(8)).

The court finds that the Lepore Deposition is not eligible to be used "to the same extent as if taken in" the present action under FRCP 32(a)(8), and may only be used to the extent permitted under the FRE.

### B. Federal Rule of Evidence 804

1. Legal Standard

FRE 804 carves out a hearsay exception for "former testimony" by a declarant who is "unavailable." Fed. R. Evid. 804. Unlike FRCP 32(a)(8), FRE 804 explicitly permits testimony that "was given as a witness at a . . . lawful deposition, whether given during the current proceeding or a different one," when offered against "a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Id. r. 804(b)(1) (emphasis added).

2. Analysis

Plaintiffs argue—and Defendants do not contest—that the Lepore Deposition was a "lawful deposition," and that Lepore is now "unavailable" within the meaning of FRE 804. (See Sutak Aff. ¶¶ 4-6.) Defendants object, however, that they "did not have opportunity and similar motive to cross-examine Dr. Lepore in this matter." (Defs. Resp. at 1.) Defendants offer two arguments, neither of which the court finds persuasive.

"[B]ecause there was no expectation that Dr. Lepore was going to be called as a witness in this case," Defendants contend that "the cross-examination [during the Lepore Deposition] did not ask any questions about key topics[,] including[] Dr. Rao's alleged termination in January 2012, the witness' relationship with Dr. Rao, and the witness' relationship with Dr. Erachshaw." (Defs. Resp. at 2.) Those topics are not germane to Plaintiff's desired use of the Lepore Deposition, however: Plaintiff only seeks corroboration regarding the Riggs Letter and the Rodriguez Comments (see Sutak Aff. ¶ 8), neither of which specifically concerned either Plaintiff or Erachshaw. The Riggs defendants had every motive to vigorously cross-examine Lepore on these matters insofar as they pertained to the claims in the Riggs Action. Indeed, the Lepore Deposition includes a full 50 pages of cross-examination by Mr. Marx, who represented

4

Rodriguez and Wyckoff in the Riggs Action, and who represents Rodriguez in the present action. (See Lepore Dep. Excerpt (Dkt. 124-4).) Moreover, Lepore's relationship with Plaintiff and Erachshaw is not relevant for the purpose of impeachment in this instance, given the absence of any indication that Lepore expected the his deposition to be used in separate proceedings brought by Plaintiff and featuring Erachshaw as a key witness.

Defendants next argue that "the key time period is different for each case. Here, the focus is on December 2011 and beginning of January 2012. In contrast, Dr. Riggs was terminated from Wyckoff in April 2012 and his claims are based on a letter he allegedly submitted to the Board of Trustees prior to his termination." (Defs. Resp. at 2.) This argument is more properly analyzed as an objection as to relevance, or as to the balance of probative vs. prejudicial weight under FRE 403. As noted above, the Riggs Letter and the Rodriguez Comments do not specifically address Plaintiff or his departure from Wyckoff. The court understands Plaintiff as seeking to introduce the Lepore Deposition for more atmospheric purposes regarding Rodriguez's general opinion about the demographics of the medical staff and his tendency to comment on race or national origin. That purpose could reasonably be sought both here and in the Riggs Action.

The court finds that the Lepore Deposition qualifies for a hearsay exception under FRE 804(a)(5) and (b)(1). It is therefore admissible under FRCP 32(a)(8), subject to consideration of probativity and prejudice under FRE 403.

### C. Federal Rule of Evidence 403

1. Legal Standard

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, . . . wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

5

2. <u>Analysis</u>

Defendants argue, first, that Lepore's testimony as to the Rodriguez Comments "is cumulative and therefore of reduced probative value." (Defs. Resp. at 2.) In addition, they argue that any testimony regarding the transmission of the Riggs Letter to the Wyckoff Board "is irrelevant in this matter and should be excluded on that basis." (<u>Id.</u> at 3.) Meanwhile, Defendants view the Lepore Deposition as "highly prejudicial to Defendants because of the nature of the testimony and the lack of opportunity to impeach the witness' credibility." (<u>Id.</u>) The court reserves ruling on these issues, as well as the apparent FRE 403-related issues discussed in the prior section.

## III. CONCLUSION

For the reasons stated above, Plaintiff's application to introduce the Lepore Deposition (Apr. 25, 2017, Min. Entry; Sutak Aff. (Dkt. 124)) is GRANTED. The court RESERVES RULING on Defendants' proffered objections as to probativity and prejudice.

SO ORDERED.

Dated: Brooklyn, New York
May __, 2017

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge